Dear Mr. Sharp:
This office is in receipt of your November 11, 2002 letter requesting a clarification of Attorney General Opinion 02-0217. As I understand your question, the confusion appears to arise from our apparent use of the "regulatory lag" theory in relation to the Town's application of the fuel adjustment clause.
It is not our opinion that the retroactive application of fuel adjustment clauses is improper per se. The case law clearly states that fuel adjustment clauses are inherently retroactive due to the standard billing procedures of the utility industry. However, as you correctly stated in your letter, the issue is not whether the fuel adjustment clause could be applied retroactively, but rather whether the council could adopt a new fuel adjustment clause and then apply it to gas usage incurred prior to adoption of the clause. It is our opinion that it cannot.
You cite CLECO v. The Louisiana Public Service Commission, 508 So.2d 1361
(La. 1987), for the proposition that fuel adjustment clauses are generally outside the scope of regulatory lag. We do not disagree with this position. However, CLECO is distinguishable because the fuel adjustment clause in CLECO was not recently adopted as in this case. As you noted in your letter, the court has acknowledged the "jungle" of legal opinions regarding fuel adjustment clauses. Daily Advertiser v.Trans-La., 612 So.2d 7, 22 (La. 1993). To further complicate matters, there are no cases dealing directly with this issue.
Given that the fuel adjustment clause did not exist prior to January 8, 2001, it is our opinion that the loss incurred between the time the clause was adopted and the time when relief actually became effective in the next billing cycle is similar to "regulatory lag." Therefore, our reference to the Town of Walker's loss of revenue prior to the adoption of the fuel adjustment clause as "regulatory lag" is a proper analogy.
Whether the fuel adjustment clause is actually permissible as adopted is a factual determination that is best answered by a court; however, it remains our opinion that it is permissible only as to gas usage incurred after the adoption of the ordinance on January 8, 2001.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________ KRISTI M. GARCIA ASSISTANT ATTORNEY GENERAL
DATE RELEASED: January 28, 2003